(C.D. 3650)

THE GARCIA CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 23, 1968)

*Siegel, Mandell & Davidson* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The cases listed in schedule "A", attached hereto and made a part hereof, have been submitted on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked TM (Import Spec's Initials) by Import Specialist Thomas A. McDonough (Import Spec's Name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, consist of plastic boxes, assessed with duty at 29 or 27½ per centum ad valorem, depending upon the date of entry or withdrawal from warehouse, under the provisions of paragraph 1211 of the Tariff Act of 1930, as modified, and paragraph 1559, as amended, on the basis that said boxes are containers for fishing lines, and an additional duty of 20 or 19 per centum ad valorem, depending on the date of entry or withdrawal from warehouse, under paragraph 397, as modified, and paragraph 1559, as amended, of said Act and in accordance with Section 504 of said Act, on the basis that said boxes were unusual containers.

That said plastic boxes are not containers for fishing lines, but are, in fact, separate articles of commerce and as such, are not subject to duty under paragraph 1211 and Section 504, but dutiable at 20 or 19 per centum ad valorem under paragraph 397, Tariff Act of 1930, as modified, and paragraph 1559, as amended, depending on the date of entry or withdrawal from warehouse.

That the matters herein be remanded to a single judge sitting in reappraisements for a determination of the value of the merchandise in the manner provided by law.

That the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid.

Accepting the foregoing stipulation of facts, we find and hold that there were no separate appraisements for the accompanying plastic boxes and fishing lines. Since it has been agreed by and between counsel for the respective parties that the plastic boxes and fishing lines are separate articles of commerce, the appraisement and liquidation are void.

Accordingly, said protest filed against such void liquidation is premature, and the involved protests are hereby dismissed and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate value of the plastic boxes and fishing lines in the manner provided by law.

Judgment will be entered accordingly.